IN THE UNITED STATES DISTICT COUIRT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAMON LIRIANO SANCHEZ | : | CIVIL ACTION |
| v. | : | |
| CAROLYN COLVIN | : | No. 13-2010 |

**FILED**
SEP 1 8 2014
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## ORDER

AND NOW, this 17th day of September, 2014, upon consideration of Magistrate Judge Marilyn Heffley's Report and Recommendation (doc. no. 26), "Plaintiff's Objections to the Report and Recommendation of the United States Magistrate Judge" (doc. no. 29), and "Defendant's Response to Plaintiff's Objections to the Report and Recommendation of the Magistrate Judge" (doc. no. 32), it is ordered that:

1. The Report and Recommendation is adopted as described herein.[1]

---

[1] Plaintiff's objections to the Report and Recommendation raise two issues: (1) whether the magistrate judge's recommendation that the matter be remanded "for the limited purpose of obtaining additional testimony from the Vocational Expert to determine if the jobs previously identified by the Vocational Expert remain available to Plaintiff after considering his limited ability to communicate in English" is too narrow; and (2) whether the magistrate judge conducted an improper independent review of the administrative record to find that the ALJ's determination that plaintiff retained the residual functional capacity to perform medium work.

The court conducts a *de novo* review of the portions of the magistrate judge's report and recommendation to which specific objections have been filed. 28 U.S.C. § 636(b)(1)(C). The court's role on review is to determine whether substantial evidence supports the Commissioner's decision. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence" is relevant evidence that, viewed objectively, would be adequate to support a decision. *Richardson, supra.*

With respect to remand, all interested parties – the court, the plaintiff and the Commissioner – agree that the ALJ's finding that plaintiff can communicate in English was not supported by substantial evidence and that remand is appropriate. Moreover, plaintiff and the Commissioner agree that the scope of inquiry on remand should be broader than that proposed by the magistrate judge. As such, the matter will be remanded for further consideration of the issue of plaintiff's ability to communicate in English, including a further hearing on this issue if necessary, and for consideration of the effect a finding of an in ability to communicate in English might have on whether plaintiff is disabled under the Social Security Act.

With respect to the second issue, plaintiff contends that the magistrate judge conducted an independent review of the administrative record to find substantial evidence supported the ALJ's decision with respect to plaintiff's RFC,

2. The plaintiff's request for review is granted in part.

3. The matter is remanded to the Commissioner for further consideration of the issue of plaintiff's ability to communicate in English, and the impact of a finding on this issue on the determination as to whether he is disabled under the Social Security Act.

4. The Clerk of Court is directed to close this matter statistically.

BY THE COURT:

*[signature]*
Edmund V. Ludwig, J.

**ENTERED**

SEP 18 2014

**CLERK OF COURT**

---

and that this was improper because the ALJ's decision "cannot be upheld upon the basis of the independent analysis of evidence that the ALJ could have considered but did not." See objections, at 9-11, citing *Fargnoli v. Massanari*, 247 F.3d 34, 44 n.7 (3d Cir. 2001)(doc. no. 29). This is incorrect. "When determining whether the ALJ's decision is supported by substantial evidence, the court may look to any evidence in the record, regardless of whether the ALJ cites to it in his decision." *Correa v. Astrue*, 2009 WL 585500, at *2 (E.D. Pa., Mar. 4, 2009); *see also Esposito v. Apfel*, 2000 WL 218119, at *6 (E.D. Pa., Feb. 24, 2000) (citing *Richardson, supra*) ("This Court's review of the ALJ's findings must be based on the administrative record as a whole and, therefore, this Court may rely on any evidence in the record, whether or not it is cited in the Commissioner's final decision."). Plaintiff's objection on this point is, therefore, overruled.

2